AO 91 (Rev. 11/11) Criminal Complaint

Felony

United States District Court
Southern District of Texas
FILED

MAR - 9 2020

David J. Bradley, Clerk of Court

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States of America
v.

1. Eric Roy Castillo
2. Daniel G. Nieto

Defendant(s)

Case No. B-20-MJ-286

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __03/07/2020__ in the county of __Kenedy__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Section 841(a)(1) | knowingly and intentionally possessed with intent to distribute 0.79 kilograms of crystal methamphetamine, a Schedule II controlled substance. |

This criminal complaint is based on these facts:

SEE ATTACHEMENT A

☑ Continued on the attached sheet.

_____
Complainant's signature

Zackary Rhinehart, HSI Special Agent
Printed name and title

Sworn to before me and signed in my presence.

Date: Mar 9, 2020

_____
Judge's signature

City and state: Brownsville, Texas

Ronald G. Morgan, US Magistrate Judge
Printed name and title

# ATTACHMENT A

B-20-mJ-286

1. On March 7, 2020, Eric Castillo and Daniel Nieto arrived at the Javier Vega Border Patrol (BP) checkpoint in Sarita, Texas in a grey Nissan Altima. Eric CASTILLO, who was driving the car, told agents they were traveling to Houston for work. During the inspection, a narcotics detection K-9 alerted to the car. During a search of the car, agents found one (1) bundle wrapped in silver tape hidden in a natural void under the battery. The bundle contained a white crystal-like substance which tested positive for the properties of methamphetamine.

2. HSI Special Agents (SA) were notified of the findings and responded to the check point. Agents first interviewed the passenger Daniel NIETO, who freely and voluntarily waived his rights. During the recorded interview, NIETO stated he knew narcotics were in the vehicle, but didn't know what type. NIETO also stated he and the driver (CASTILLO) where supposed to deliver the narcotics to Corpus Christi.

3. During the interview NIETO stated CASTILLO had knowledge of the narcotics and further stated CASTILLO called an unknown subject on a cell phone to advise them they were approaching the border patrol checkpoint. NIETO stated CASTILLO was driving because he was older and would look less suspicious. NIETO also told agents, CASTILLO coached him and told him (NIETO) if they got stopped to say they were painters and were traveling for work.

4. Agent then interviewed CASTILLO. SA Rhinehart told CASTILLO he was going to ask him for his basic information. CASTILLO then stated without being asked, he knew why he was there and knew "something was in the vehicle". CASTILLO went on to say he had a criminal record and wasn't dumb and this time the narcotics weren't his. SA Rhinehart stopped CASTILLO from giving any explanation and told him agents just needed his basic information first. Agents obtained his information then advised him of his rights which he waived in writing.

5. During the recorded interview CASTILLO told agents he was going to Corpus Christi to "see some guy, to paint". When agents asked CASTILLO the name of the passenger, he couldn't recall his name at first and called him 'Flaco". CASTILLO said he met him on the streets by a friend, but declined to say who introduced him. CASTILLO was unable to provide any details on the person he was going to Corpus to work for. CASTILLO later remembered the passenger's name as "Daniel". CASTILLO stated he didn't know how long they would be in Corpus working and suggested they would stay in a hotel or a house. After being asked for additional work details, CASTILLO asked for an attorney at which point all investigative questioning was stopped and CASTILLO was escorted back to his holding cell. Agents photographed the narcotics and vehicle. Agents noticed there was no painting supplies in the car, nor did they have any luggage or extra clothes.

B-20-mJ-286

6. The duty Assistant US Attorney was advised of the facts and federal prosecution was accepted for NIETO and CASTILLO for violation of Title 21 United States Code Section 841 and 846.

_____
Zackary Rhinehart, Special Agent
Homeland Security Investigations

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS, THE ___9th___ day of March 2020.

_____
The Honorable Ronald G. Morgan
United States Magistrate Judge
Southern District of Texas